TEDROW v. SHAFFER

Ohio Appeals, 4th Dist., Vinton Co.

Decided Nov. 4, 1926

868. OIL & GAS—1. Where there is an oil and gas lease for ten years with condition that "unless oil is found in paying quantities" the lease is forfeited at the end of the ten year period, fact that 36 barrels were produced in eight years, and on day lease expired few gallons were produced, the first in seven years, held not to be sufficient and lessor may terminate lease.

2. Where "due diligence" is not mentioned in the oil and gas lease it is implied that lessee shall use such diligence.

SAYRE, J.

Upon Jan. 3, 1916, E. S. Tedrow and wife executed and delivered to W. B. Walton an oil and gas lease on 80 acres in Vinton county, By the terms of the lease, lessors granted and demised to lessee all the oil and gas in and under said tract of land, and also the said tract for the purpose of operating thereon for oil and gas, for the period of ten years, "and as much longer as oil or gas is found in paying quantities."

It was also stipulated, that if a well was not completed in six months, the lease would be void unless $20 annually, quarterly in advance was paid to lessor for each year that such completion was delayed. Rental was paid and a well drilled sometime in 1917. It produced a small quantity of oil, about 36 barrels.

The property was conveyed Dec. 17, 1925, to Harry Tedrow, the plaintiff, and the lease assigned to H. S. Shaffer, the defendant. Shaffer went upon the premises, cleaned out the oil well, and it now produces 3 barrels of oil a day, considered by the present lessee, oil in paying quantity. Injunction was brought by Tedrow to enjoin Shaffer from going on the premises, he claiming that the well had never been completed and that the lease had therefore been forfeited. The Court of Appeals held:

1. The term of the lease was for 10 years from Jan. 3rd, 1916, and as much longer as oil and gas are found in paying quantities. The term then came to an end Jan. 3, 1926, unless oil and gas were found in paying quantities.

2. This phrase "found in paying quantities" is considered in the case of Murdock-West Co. v. Logan, 69 OS. 514. The second paragraph of the syllabus says that such language, "requires that oil or gas shall be actually discovered and produced in paying quantities within the term."

3. There is an implied condition in the usual and ordinary oil and gas leases, if none is so expressed, to operate the premises with due diligence. As none is expressed, there is such implied condition in the lease under consideration.

4. In the case under consideration when the end of the ten year period came, no oil, except a few gallons, had been found on the premises for more than 7 years and the term of the lease expired at the end of the 10 year period.

5. Such production or finding of oil is a condition precedent to the extension of the lease and it does not mean that he must have produced oil for a reasonable time before so that at the end of the period it will appear that he is in good faith actually finding oil in paying quantities.

Decree for plaintiff.

(Mauck, PJ., and Middleton, J., concur.)

Attorneys—O. E. Vollenweider, McArthur; Willis & Jones, Wellston; for Tedrow; J. W. Goldsberry, Chillicothe and T. Eagleson, Columbus, for Shaffer.

Note—OS. Pend. opinion will be found, 5 Abs. 74.